1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  JULIE D. GARCIA (CABN 288624)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6758
7      FAX: (415) 436-7234
       Email: Julie.Garcia@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 17-402 EMC |
| v. | STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING PRODUCTION OF "PROTECTED MATERIALS" |
| AISHAH BUENAVENTURA and RYAN COSINO, | |
| Defendants. | |

STIPULATION

The parties to the above-captioned matter hereby stipulate as follows:

Defendants are charged in a two-count Indictment with a violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C) (conspiracy to distribute and possess with intent to distribute methamphetamine) and 21 U.S.C. § 841(a)(1) and (b)(1)(C) (distribution and possession with intent to distribute methamphetamine).

Pursuant to the defendants' request for discovery, the government has made an initial production of written discovery materials in this case. The government intends to produce additional discovery containing identification information of a confidential informant (CI) and/or undercover officers (UCs). Because the CI and at least some of the UCs continue to work undercover in ongoing investigations, the

government submits that there is reason to believe that they would be endangered if their identity, image, and/or other identifying information are improperly disclosed. The defendants do not concede that the government's concerns are justified, but agree that witness-endangerment issues can justify reasonable restrictions on the disclosure of discovery.

Pursuant to this stipulated Protective Order, the government will produce to defense counsel audio and video recordings pertaining to the charges in the Indictment. The audio and video recordings include materials that the government deems to be sensitive, based on the above-mentioned witness safety concerns.

Materials produced according to this Protective Order will be labeled as "PROTECTED MATERIALS," and will include (1) audio recordings of communications and/or meetings between the defendant and CI and/or UC, and (2) video recordings of communications and/or meetings between the defendant and CI and/or UC. This Protective Order does not apply to discovery that is not marked PROTECTED MATERIALS. Any discovery with the designation PROTECTED MATERIALS is, however, subject to this Protective Order with the following restrictions:

1. Except when actively being examined for the purpose of the preparation of the defense of defendant, all PROTECTED MATERIALS shall be stored and maintained in a locked or otherwise secure location or device (if stored electronically), meaning, a location or device which is accessible only to Covered Individuals as defined in paragraph 2 below. Defense counsel and other Covered Individuals shall not permit any person access of any kind to the PROTECTED MATERIALS, except as set forth below.

2. Only the following individuals ("Covered Individuals") may examine, view, or listen to the PROTECTED MATERIALS:

    a. Defendants' counsel of record;

    b. Members of defense counsel's law offices who are assisting with the preparation of either defendant's defense, but not including any person with a prior relationship to any defendant that falls outside the scope of legal representation (*e.g.*, a familial or social relationship);

         c.      "Contracted Individuals," whom the defense engages to assist in this matter, including paralegals, attorneys, discovery coordinators, investigators and/or experts. The parties agree that "Contracted Individuals" shall be limited to professionals contracted to assist defense counsel in the defense of this matter, and shall not include any individual with a prior relationship that falls outside the scope of legal representation (<u>e.g.</u>, a familial or social relationship); and

         d.      The defendants, but only in the presence of defense counsel or another authorized person listed in this paragraph.

PROTECTED MATERIALS, or any copy or image thereof, may not be shown, played (in the case of an audio and video recording), or otherwise divulged to any individual who is not a Covered Individual.

    3.      The Covered Individuals may examine the PROTECTED MATERIALS for the purpose of preparing a defense of defendant(s), and for no other purpose. The Covered Individuals may not discuss the contents of the PROTECTED MATERIALS with any person not listed in Paragraph 2. Counsel for the defendants may make two physical or electronic copies of any materials designated as PROTECTED MATERIALS. Counsel may make a copy of the PROTECTED MATERIALS for each expert retained to assist in the preparation of the defense or to testify at trial.

    4.      If defense counsel determines that a person not covered by this Protective Order needs to review the PROTECTED MATERIALS, he or she must first confer with the government, except under the limited circumstances under which the defendant may move the Court ex parte to disclose the PROTECTED MATERIALS to an individual who is not otherwise a Covered Individual. The defendant may seek this ex parte relief only based on a showing, and a Court finding, of necessity for the request to be ex parte and that the individual's access to the PROTECTED MATERIALS is material to the defense. The defendant reserves the right to withdraw his ex parte request should the Court decline to allow the defendant to proceed ex parte. Otherwise, the defendant should confer with the government and, if the parties agree that the individual not otherwise covered by this Protective Order should be permitted to access the PROTECTED MATERIALS, the parties shall document that agreement in writing, and no further involvement of the Court will be necessary. If the parties cannot

agree, however, the defendant may move the Court for an order allowing the individual to review the PROTECTED MATERIALS, provided the defendant gives the government three days' notice. Whether by agreement of the parties or by order of the Court, if an individual is authorized to view, examine, or otherwise receive the PROTECTED MATERIALS, such individual will be deemed a "Covered Individual" under paragraph 2 of this Protective Order and thus shall be subject to the restrictions set forth herein.

5. A copy of this Protective Order shall be maintained with the PROTECTED MATERIALS at all times.

6. Under no circumstance may the defendant take or keep any PROTECTED MATERIALS, or any copies or images of PROTECTED MATERIALS, outside the presence of defense counsel. The defendants shall not divulge to any person who is not a Covered Individual any personal identifying information disclosed in PROTECTED MATERIALS.

7. Prior to receiving access to the PROTECTED MATERIALS, all individuals other than defense counsel and defendants shall sign a copy of this Protective Order acknowledging that:

    a. They have reviewed the Order;

    b. They understand its contents;

    c. They agree that they will only access the PROTECTED MATERIALS for the purposes of preparing a defense for defendant(s); and,

    d. They understand that failure to abide by this Protective Order may be considered contempt of Court, punishable accordingly.

These signed copies shall be maintained by counsel for the defense and shall be made available to the government upon a sealed request to the Court.

8. If the PROTECTED MATERIALS are attached to any pleadings or other court submissions, the PROTECTED MATERIALS and any pleadings or submissions referencing those materials shall be filed or lodged under seal.[1]

9. The defense team shall return the PROTECTED MATERIALS (and any duplicate copies

---

[1] This Order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.

of the same) to the government, or certify in writing that such materials have been destroyed, fourteen calendar days after any one of the following events, whichever is latest in time: dismissal of all charges against the defendant; the defendant's acquittal by court or jury; the expiration of time to appeal a judgment; or, the conclusion of any direct appeal.

10. After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the government will maintain a copy of the PROTECTED MATERIALS. The United States will maintain the PROTECTED MATERIALS until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the government may destroy the PROTECTED MATERIALS. In the event the defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the government will provide that counsel with a copy of the PROTECTED MATERIALS under the same restrictions as trial and direct appeal defense counsel. The defendant's attorney in any action under 28 U.S.C. § 2255 shall return the same materials, or certify in writing that they have been destroyed, fourteen calendar days after the district court's ruling on the motion or fourteen calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

//
//
//
//
//
//
//
//
//
//
//
//
//

**IT IS SO STIPULATED.**

DATED: September 11, 2017

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

/s/
JULIE D. GARCIA
Assistant United States Attorney

/s/
MICHAEL STEPANIAN
Attorney for Aishah Buenaventura

/s/
DENA MARIE YOUNG
Attorney for Ryan Cosino

# [PR~~OPOSE~~D] PROTECTIVE ORDER

For the reasons stated above, the Court finds good cause to restrict the disclosure of some of the materials produced in discovery in this case. Therefore, the Court orders that the materials described above may be produced subject to the restrictions set forth above.

**IT IS SO ORDERED.**

Dated: 9/15/17

_____
HON. EDWARD M. CHEN
United States District Judge

